**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF TENNESSEE**

In re

JASON BARTLEY COLE                                        Case No.  06-31028

      Debtor


**MEMORANDUM ON
<u>TRUSTEE'S MOTION TO DISMISS</u>**


**APPEARANCES:**    LAW OFFICES OF MAYER & NEWTON
      Richard M. Mayer, Esq.
      1111 Northshore Drive
      Suite S-570
      Knoxville, Tennessee  37919
      Attorneys for Debtor

      GWENDOLYN M. KERNEY, ESQ.
      Post Office Box 228
      Knoxville, Tennessee  37901
      Chapter 13 Trustee


**RICHARD STAIR, JR.
UNITED STATES BANKRUPTCY JUDGE**

This contested matter is before the court on the Trustee's Motion to Dismiss and Notice of Hearing (Motion to Dismiss) filed by the Chapter 13 Trustee, Gwendolyn M. Kerney, on June 22, 2006, requesting an order dismissing this bankruptcy case due to the Debtor's failure to timely obtain the credit counseling briefing required by 11 U.S.C. § 109(h) (2005). A preliminary hearing was held on July 5, 2006, during which the Debtor and the Trustee agreed that the Motion to Dismiss raises legal issues that can be resolved on briefs without an evidentiary hearing. The Debtor filed his Brief on July 10, 2006, and the Trustee filed the Brief of Chapter 13 Trustee in Support of Motion to Dismiss on July 17, 2006.

The facts are straightforward and undisputed. The Debtor filed the Voluntary Petition commencing his Chapter 13 bankruptcy case on May 18, 2006, and, as is established by the Certificate of Counseling filed with the petition, he obtained the credit counseling briefing required by § 109(h)(1) on the same date. The sole issue raised by the Motion to Dismiss is whether the Debtor received the briefing "during the 180-day period preceding the date of filing of the petition."

With the implementation of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA), effective as to all bankruptcy cases filed on or after October 17, 2005, any individual desiring to be a debtor must participate in a consumer credit counseling briefing prior to filing a petition under any chapter of the Bankruptcy Code. Section 109, defining "Who may be a debtor," provides, in material part:

> (h)(1) Subject to paragraphs (2) and (3) [inapplicable herein], and notwithstanding any other provision of this section, an individual may not be a debtor under this title unless such individual has, during the 180-day period preceding the date of filing of

2

> the petition by such individual, received from an approved nonprofit budget and credit counseling agency described in section 111(a) an individual or group briefing (including a briefing conducted by telephone or on the Internet) that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis.

11 U.S.C. § 109(h)(1). Additionally, debtors must file proof that they received this briefing at the commencement of their cases by filing the following documentation:

> (1) a certificate from the approved nonprofit budget and credit counseling agency that provided the debtor services under section 109(h) describing the services provided to the debtor; and
>
> (2) a copy of the debt repayment plan, if any, developed under section 109(h) through the approved nonprofit budget and credit counseling agency referred to in paragraph (1).

11 U.S.C. § 521(b) (2005); *see also* INTERIM FED. R. BANKR. P. 1007(b)(3) ("[A]n individual debtor must file the certificate and debt repayment plan, if any, required by §521(b), a certification under §109(h)(3), or a request for a determination by the court under §109(h)(4).").

The court has found only three cases addressing this issue, and there is already a split of authority. The first line, upon which the Debtor relies, holds that the statute should be interpreted as allowing a debtor to obtain the required counseling briefing at any time prior to the time that the petition is filed with the court. *In re Warren*, 339 B.R. 475, 480 (Bankr. E.D. Ark. 2006). For explanation, the court stated that "[i]n various types of legal contexts, courts have recognized the dual meaning of the word 'date' as it refers to time[,]" and "[w]hether the word 'date' denotes a time of day limitation 'depends on the type and purpose of the source on which the terms appears.'" *Warren*, 339 B.R. at 480 (quoting *Anderson v. State Personnel Bd.*, 103 Cal. App.3d 242, 248, 162 Cal. Rptr. 865, 868 (1980)). Finding that "[n]othing in the legislative history suggests that Congress

contemplated at least a one-day waiting period after completion of credit counseling," the *Warren* court held:

> In the instant case, the Court interprets the words "date of filing" as used in section 109(h)(1) to mean the specific day, month, year, and time of day the petition was filed. In bankruptcy, the exact time of filing is a critical bright line in determining property rights of debtors and creditors. At the moment a petition for relief is filed, the automatic stay goes into effect, affording the debtor an extra measure of protection from the legal maneuvers of his creditors.

*Warren*, 339 B.R. at 480.

The second line of cases, consisting of two cases from the same court, agrees with the Trustee's position that based upon its wording, the statute means "[a] person must obtain credit counseling of the kind described in § 109(h) on a date prior to the petition date to be eligible for relief under title 11." *In re Mills*, 341 B.R. 106, 109 (Bankr. D.D.C. 2006); *see also In re Murphy*, 342 B.R. 671, 673 (Bankr. D.D.C. 2006). In arriving at this conclusion, the court in *Murphy* found that "[i]t is well settled that when a statute requires an act to be done within a specified number of days prior to a fixed date, the last day, namely, the fixed date, is to be excluded . . . in making the calculation." *Murphy*, 342 B.R. at 673 (quoting *State v. Zaller*, 50 N.E.2d 991, 991-92 (Ohio 1943)). The *Mills* court expressly addresses and rejects the findings of the *Warren* decision, stating that the *Warren* court misread the *Anderson* case upon which it relied in that *Anderson* "explicitly rejected the employee's proposed distinction between the terms 'date' and 'day,' concluding instead that '[t]he word 'date' in its common and accepted statutory meaning refers simply to the day, month and year.'" *Mills*, 341 B.R. at 108 (quoting *Anderson*, 162 Cal. Rptr. at 868). The *Mills* court also found that the excerpts of legislative history relied upon by the *Warren* court "do not suggest a position one

way or the other with respect to the language of timing contained within § 109(h)." *Mills*, 341 B.R. at 109.

The Debtor urges the court to follow the *Warren* reasoning, in line with the primary definition of the word "date" in the *Merriam Webster's Collegiate Dictionary* (10th ed. 2001); i.e., "the time as which an event occurs." In support of these arguments, the Debtor states that when a petition is filed with the court, the stamp includes the day, month, year, and time. Finally, the Debtor argues that Congress intended for debtors to obtain a counseling briefing prior to filing, but it did not intend for a one-day minimum wait between obtaining the briefing and being eligible to file a bankruptcy case. The Trustee, however, argues that the *Warren* decision is contrary to Rule 9006 of the Federal Rules of Bankruptcy Procedure, the general rules of construction regarding computation of time, the plain ordinary meaning of the words chosen by Congress, case law interpreting time periods in other sections of the Bankruptcy Code, and the purposes and intent of Congress through BAPCPA.

The court agrees with the holdings in *Mills* and *Murphy* that, based upon the plain language of the statute, a debtor who obtains the required pre-petition counseling briefing on the same day as the date upon which a petition is filed does not comply with § 109(h)(1) and is not eligible to be a debtor under title 11. "[A]s long as the statutory scheme is coherent and consistent, there generally is no need for a court to inquire beyond the plain language of the statute." *United States v. Ron Pair Enters., Inc.*, 109 S. Ct. 1026, 1030 (1989). The Supreme Court "ha[s] stated time and time again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there. When the words of a statute are unambiguous, then, this first canon is also the last:

5

'judicial inquiry is complete.'" *Conn. Nat'l Bank v. Germain*, 112 S. Ct. 1146, 1149 (1992) (quoting *Rubin v. United States*, 101 S. Ct. 698, 701 (1981)).

> "The starting point in any case involving the meaning of a statute [] is the language of the statute itself." *Group Life & Health Ins. Co. v. Royal Drug Co.*, 440 U.S. 205, 210, 99 S. Ct. 1067, 1073, 59 L. Ed. 2d 261 (1979); *Vergos v. Gregg's Enterprises, Inc.*, 159 F.3d 989, 990 (6th Cir. 1998). A fundamental canon of statutory construction is that, unless otherwise defined, words will be interpreted as taking their ordinary, contemporary, common meaning. *Perrin v. United States*, 444 U.S. 37, 42, 100 S. Ct. 311, 314, 62 L. Ed. 2d 199 (1979). "In construing a federal statute, it is appropriate to assume that the ordinary meaning of the language that Congress employed 'accurately expresses its legislative purpose.'" *Mills Music, Inc. v. Snyder*, 469 U.S. 153, 164, 105 S. Ct. 638, 645, 83 L. Ed. 2d 556 (1985), quoting *Park 'N Fly, Inc. v. Dollar Park and Fly, Inc.*, 469 U.S. 189, 195, 105 S. Ct. 658, 83 L. Ed. 2d 582 (1985). "If the words of the statute are unambiguous, the judicial inquiry is at an end, and the plain meaning of the text must be enforced." *Hudson v. Reno*, 130 F.3d 1193, 1199 (6th Cir. 1997), *cert. denied*, 525 U.S. 822 (1998), quoting *United States v. Ron Pair Entrs., Inc.*, 489 U.S. 235, 241, 103 L. Ed. 2d 290, 109 S. Ct. 1026 (1989).

*United States v. Plavcak*, 411 F.3d 655, 660-61 (6th Cir. 2005); *accord Dorris v. Absher*, 179 F.3d 420, 429 (6th Cir. 1999) ("A court should look beyond the language of the statute only when the text is ambiguous or when, although the statute is facially clear, a literal interpretation would lead to internal inconsistencies, an absurd result, or an interpretation inconsistent with the intent of Congress.").

Congress chose the wording of § 109(h)(1), which denotes the time for obtaining the required pre-petition counseling briefing as "during the 180-day period *preceding* the *date of filing* of the petition by such individual." 11 U.S.C. § 109(h)(1) (emphasis added). Taking this phrase in its ordinary common meaning, the court must respectfully disagree with the conclusion reached by the *Warren* court that the statute includes the filing date within the 180 days referenced. This assessment is buttressed by the definitions of the word "date" in *Black's Law Dictionary*. The Sixth edition

defines "date" as "[t]he specification or mention, in a written instrument, of the time (day, month and year) when it was made (executed). Also, the time so specified. In its common and accepted statutory meaning refers simply to day, month and year." BLACK'S LAW DICTIONARY 395 (6th ed. 1994). The Seventh Edition defines "date" as "[t]he day when an event happened or will happen <date of trial>." BLACK'S LAW DICTIONARY 399 (7th ed. 1999). Similarly, *Webster's New Collegiate Dictionary* defines "date" as "the time at which an event occurs . . .; a statement of the time of execution or making[.]" WEBSTER'S NEW COLLEGIATE DICTIONARY 286 (1979).

Also relevant is the definition for "filing." The Sixth Edition of Black's Law Dictionary defines "filing with court" as "[d]elivery of legal documents to clerk of court or other proper officer with intent that it be filed with court." BLACK'S LAW DICTIONARY 628 (6th ed. 1999). The Seventh Edition defines the term "file" as "deliver[ing] a legal document to the court clerk . . . for placement into the official record [or] . . . commenc[ing] a lawsuit[.]" BLACK'S LAW DICTIONARY 642 (7th ed. 1999). Webster's New Collegiate Dictionary, however, provides a definition for "file or filed, filing" as "to perform the first act of (as a lawsuit)." WEBSTER'S NEW COLLEGIATE DICTIONARY 424 (1979).

Also important is the definition of the word "preceding." *Black's Law Dictionary* does not define "preceding," but it defines "precedence" as "[t]he act or state of going before; adjustment of place. The right of being first, placed in a certain order." BLACK'S LAW DICTIONARY 1176 (6th ed. 1994); *see also* BLACK'S LAW DICTIONARY 1195 (7th ed. 1999) (defining "precedent" as "[t]he act or state of going before[.]"). *Webster's New Collegiate Dictionary* defines "preceding" as "that immediately precedes in time or place (the ~ day)[.]" WEBSTER'S NEW COLLEGIATE DICTIONARY

7

897 (1979). The term "precede" is defined as "to be, come, or go ahead or in front of; . . . to be earlier than[.]" WEBSTER'S NEW COLLEGIATE DICTIONARY 897 (1979).

Using the assistance of the foregoing definitions, and taking the phrase "during the 180-day period preceding the date of filing of the petition by such individual" as a whole, the court can come to no other conclusion that the plain, ordinary meaning is that a debtor must, in order to comply with § 109(h)(1), complete the required counseling briefing on any day within 180 days prior to but not including the date upon which his or her bankruptcy petition is filed.[1]

This analysis comports with the notion that "[t]he only method to establish that date would be to count *back* from the filing of the petition . . . [and] the requirement that the insufficiency that existed '90 days before the date of the filing of the petition,' be calculated, indicates that the code is not concerned with a particular time of day, but rather the entire day." *Belford v. Union Trust Co. (In re Wild Bills, Inc)*, 206 B.R. 8, 16 (Bankr. D. Conn. 1997) (quoting 11 U.S.C. § 553(b)(1) and calculating the relevant dates concerning a setoff); *see also Lester v. S. Mills, Inc. (In re Terry Mfg. Co., Inc.)*, 325 B.R. 638, 642 (Bankr. M.D. Ala. 2005) (holding that the 90-day preference period under 11 U.S.C. § 547(b)(4)(A) "is determined by counting backward from the date of the petition, excluding the date of the petition and including the date of the transfer.").[2]

---

[1] Additionally, if Congress intended to include the filing date, it could have provided that debtors must receive their briefing "on or within" the 180-day period preceding the filing of the petition or the commencement of the case. *See, e.g.*, 11 U.S.C. § 547(b)(4)(A) (2005) (concerning the preference period).

[2] Although there is a split of authority as to how to calculate the 90-day preference period, courts within the Sixth Circuit follow the majority view that it is determined by counting backwards from the petition date, excluding the petition date. *See Carl Subler Trucking, Inc. v. Kingsville-Ninety Auto/Truck Stop, Inc. (In re Carl Subler Trucking, Inc.)*, 122 B.R. 318, 321 (Bankr. S.D. Ohio 1990) (citing *Official Unsecured Creditors' Comm. of Belknap, Inc. v. Shaler Corp. (In re Belknap, Inc.)*, 909 F.2d 879, 881 (6th Cir. 1990)).

>With very limited exceptions, however, common law legal systems have long reckoned periods of legal significance by the calendar, not by the clock. *See Mason v. Bd. of Educ.*, 375 Md. 504, 826 A.2d 433, 435 (Md. 2003) ("[A] day is usually considered by the law to encompass a single, indivisible moment in time."); *State v. Stanley*, 67 S.W.3d 1, 3 (Tenn. Crim. App. 2001) ("The general rule for computation of time is that the law knows no fractions of a day." (internal quotation marks and citation omitted)); 2 William Blackstone, COMMENTARIES ON THE LAWS OF ENGLAND 141 (1769) ("In the space of a day all the twenty four hours are usually reckoned; the law generally rejecting all fractions of a day, in order to avoid disputes.").

*Lagandaon v. Ashcroft*, 383 F.3d 983, 990-91 (9th Cir. 2004).

Moreover, as held by the Supreme Court, analyzing tax assessment statutes:

>We are seeking a measure of time, and therefore we have to translate the event into the language of time; and when, as here, there is no special reason for being more precise, the day is the unit, because people generally measure periods of more than one day by days, months or years. When we say "four years after the return was filed," by common usage we think of four years after the day on which the return was filed, and it would seem that Congress was following common usage. The earlier act read, "after the return was due or was made." The return was not due before the end of the day for filing. By § 250 (d) of the Revenue Acts of 1918 and 1921 no suits shall be begun "after the expiration of five years after the date when such return was filed," obviously treating the "date" and the filing as marking the same starting point, and "date" equally plainly meaning the year and day of the month. The general rule was laid down long ago in language quoted from Chief Justice Bronson: "When the period allowed for doing an act is to be reckoned from the making of a contract, or the happening of any other event, the day on which the event happened may be regarded as an entirety, or a point of time; and so may be excluded from the computation." The fiction that a day has no parts is a figurative recognition of the fact that people do not trouble themselves without reason about a nicer division of time.

*Burnet v. Willingham Loan & Trust Co.*, 51 S. Ct. 185, 185-86 (1931) (per curiam) (internal citations omitted); *accord Simmons v. Firestone Tire & Rubber Co.*, 747 F. Supp. 1256, 1257 (W.D. Tenn. 1990) ("Although exceptions have been noted, the general rule provides that in computing a period

9

of time the day of the event which begins the time period will be excluded and the last day of the period shall be included.").

This interpretation also falls in line with Rule 9006 of the Federal Rules of Bankruptcy Procedure, which is entitled "Time" and states, in material part:

(a) Computation

In computing any period of time prescribed or allowed by these rules or by the Federal Rules of Civil Procedure made applicable by these rules, by the local rules, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday[.]

FED. R. BANKR. P. 9006(a). While the court does not make a determination that Rule 9006(a) applies to § 109(h), many courts have applied the principle of calculating the time period "by excluding the day of the event from which the period begins to run and including the final day of the period." *MBNA Am. v. Locke (In re Greene)*, 223 F.3d 1064, 1069 (9th Cir. 2000) (analyzing with respect to preference issues).

Finally, and significantly, this interpretation meshes with the intentions of Congress when it enacted BAPCPA and made the pre-petition counseling briefing a requirement. Although the court finds the language of § 109(h)(1) clear and unambiguous, thereby making it unnecessary to resort to the legislative history, the court nonetheless finds the legislative history instructive. Noting that due to the increase in bankruptcy filings over the past several years, "there is a growing perception that bankruptcy relief may be too readily available and is sometimes used as a first resort," H.R. REP. NO. 109-31(1) (2005), *reprinted in* 2005 U.S.C.C.A.N. 88, 90, Congress sought "to improve

10

bankruptcy law and practice by restoring personal responsibility and integrity in the bankruptcy system and ensure that the system is fair for both debtors and creditors." H.R. REP. NO. 109-31(1) (2005), *reprinted in* 2005 U.S.C.C.A.N. 88, 89.

One method implemented by which to achieve this purpose is the counseling requirement. As stated in the House Report of the Judiciary Committee dated April 8, 2005, BAPCPA "requires debtors to receive credit counseling before they can be eligible for bankruptcy relief so that they will make an informed choice about bankruptcy, its alternatives, and consequences." H.R. REP. NO. 109-31(1) (2005), *reprinted in* 2005 U.S.C.C.A.N. 88, 89; *see also In re Dansby*, 340 B.R. 564, 568 (Bankr. D.S.C. 2006) ("Congress' goal appears to be to eliminate bankruptcy petitions filed by individuals who have not allowed themselves adequate time . . . to consider a bankruptcy alternative before they file. This Court should not substitute its judgment for that of Congress."); *In re Wallert*, 332 B.R. 884, 889 (Bankr. D. Minn. 2005) ("Congress's goal seems to be to discourage the practice of hastily filing for bankruptcy, even if that be in the face of foreclosure, repossession, or garnishment, and to discourage debtors from deferring their first consideration of bankruptcy until the very eve of such decisive events in the exercise of creditors' remedies.").

Discussed under the subtitle "Consumer Creditor Bankruptcy Protections," the Judiciary Committee Report states the following with respect to the pre-petition counseling requirement:

> Most importantly, S. 256 requires debtors to participate in credit counseling programs before filing for bankruptcy relief (unless special circumstances do not permit such participation). The legislation's credit counseling provisions are intended to give consumers in financial distress an opportunity to learn about the consequences of bankruptcy-such as the potentially devastating effect it can have on their credit rating - before they decide to file for bankruptcy relief.

11

H.R. REP. NO. 109-31(1) (2005), *reprinted in* 2005 U.S.C.C.A.N. 88, 104. These statements support the Trustee's contention that the 180-day period does not include the filing date. It is clear that Congress intended for prospective debtors to obtain their required counseling at a point in time far enough in advance of filing that they would at least be educated as to the consequences of bankruptcy. This purpose would be thwarted by allowing a debtor to obtain a pre-petition counseling briefing on the same day that a bankruptcy petition is filed.

Based upon the foregoing, the court finds that § 109(h)(1)'s "180-day period preceding the date of filing of the petition" does not include the date upon which a debtor's bankruptcy petition is filed. The Debtor, having filed his petition on May 18, 2006, the same day that he received his credit counseling briefing, did not comply with the statute by receiving his briefing within the 180-day period preceding May 18, 2006, and accordingly, he is not eligible under § 109(h)(1) to be a debtor under any chapter of title 11, and his case will be dismissed. *See In re Fields*, 337 B.R. 173, 180 (Bankr. E.D. Tenn. 2005) ("Based upon the plain language of [§ 109(h)], the court has no discretion with respect to the consumer credit counseling requirement.").

An order consistent with this Memorandum shall be entered.

FILED: July 31, 2006

>                            BY THE COURT
>
>                            /s/ RICHARD STAIR, JR.
>
>                            RICHARD STAIR, JR.
>                            UNITED STATES BANKRUPTCY JUDGE